Jeanne ARMSTRONG, Plaintiff–
Appellant,

v.

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,
Defendant–Appellee.

No. 05–14706
Non–Argument Calendar.
D.C. Docket No. 04–00047–
CV–4–WS–WCS.

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 2006.

Marie A. Mattox, Marie A. Mattox, P.A.,
Tallahassee, FL, for Plaintiff–Appellant.

Gwendolyn Palmer Adkins, Cooper,
Monroe, Adkins, Dincman & Spellman,
P.A., Tallahassee, FL, for Defendant–Appellee.

Before DUBINA, HULL and
KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Jeanne Armstrong
appeals the district court's grant of summary judgment in favor of the employer in
her sexual harassment action.

Armstrong worked for several years at
the Advocacy Center for Persons with Disabilities, Inc. (the "Center") under the supervision of Steve Howells. Armstrong
testified in her deposition that Howells
engaged in the following conduct: He subjected her to unwarranted criticism and
was generally difficult to work with; he
sometimes addressed her as "honey," "sweetheart" and "baby"; he occasionally
touched her shoulders, caressed her back,
gave her back rubs, hugged her, and asked
her to smell his cologne; he told her sexually explicit and inappropriate stories on a
business trip they took together; and he
discussed his wife in a derogatory fashion.

Despite her concerns, Armstrong did not
tell Howells that his conduct made her
uncomfortable, and she failed to mention
his inappropriate touching, comments or
stories in a written complaint, as required
by the Center's harassment policy. At one
point, she complained verbally to Gary
Blumenthal, then Executive Director of
the Center, that Howells was "over the
top" and "too touchy feely."

Armstrong filed this action on February
17, 2004, alleging that the Center engaged
in unlawful disability discrimination, gender discrimination and retaliation. On
April 4, 2005, the parties filed a stipulation
of dismissal of all claims except Armstrong's claim that she was the victim of
sexual harassment.

The district court then granted summary judgment in favor of the Center on
Armstrong's sexual harassment claim,
holding: (1) Armstrong failed to properly
plead a claim for sexual harassment; (2)
even if she had properly pleaded a claim
for sexual harassment, she failed to raise a
genuine issue of material fact regarding
her sexual harassment claim; and (3) in
any case, Armstrong failed to demonstrate
that the Center was not entitled to the
defense set forth in *Burlington Industries,
Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct.
2257, 141 L.Ed.2d 633 (1998) and *Faragher
v. City of Boca Raton*, 524 U.S. 775, 118
S.Ct. 2275, 141 L.Ed.2d 662 (1998). Armstrong appeals from that order.

We review a district court's grant of
summary judgment *de novo*, viewing the
evidence in the light most favorable to the

non-moving party. *Skrtich v. Thorton,* 280 F.3d 1295, 1299 (11th Cir.2002).

After a thorough review of the record, we affirm the grant of summary judgment for the reasons given in the district court's careful and well-reasoned opinion dated July 22, 2005.

AFFIRMED.